# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| LAURA K. TAYLOR, § | | |
| Appellant, § | | |
| § | | |
| v. § | Case No. 4:07-cv-499 | |
| § | | |
| C. KENT ADAMS and LONE STAR § | | |
| PARTNERS, § | | |
| Appellees. § | | |

## MEMORANDUM OPINION AND ORDER GRANTING APPELLEES' MOTION TO DISMISS

Before the court are the Appellees' Motion to "Dismiss Appeal for Failure to Timely File Appellate Brief" (de # 6), and a Response (de # 7) and Reply (de # 8) thereto. Having considered the Motion, the responsive briefing and the applicable law, the court is of the opinion that the Motion should be GRANTED.

This matter is before the court on the appeal of Laura Taylor, the wife of the Debtor in the underlying bankruptcy proceeding. Taylor appeals from an order of the United States Bankruptcy Court for the Eastern District of Texas denying her Motion for Reconsideration of a prior order issued by that court which found that the homestead exemption did not apply to the property on which she and her husband reside. The order on the Motion for Reconsideration was signed by the bankruptcy court September 11, 2007.[1] Taylor filed her Notice of Appeal with that court on September 20, 2007.

---

[1] Taylor's Motion for Reconsideration was decided by the Honorable Bill Parker, Chief United States Bankruptcy Judge for this district. Because the Motion for Reconsideration alleged bias on the part of Judge Rhoades, before whom the underlying bankruptcy case proceeded, Judge Rhoades referred the Motion to Judge Parker. In addition to reaffirming Judge Rhoades' decision on the merits, Judge Parker found that the record fell "woefully short of demonstrating" bias on the part of Judge Rhoades.

Taylor's appeal was docketed in this court on October 26, 2007. On the same day, she submitted her Designation of Items on Appeal. Taylor has not yet filed her appellate brief. Her attorneys assert that they were told by the district clerk's office that the usual and customary practice of this court is for the undersigned judge to enter a scheduling order establishing briefing deadlines. The court has not entered any such order, and Taylor has not filed an appellate brief. On December 12, 2007, the Appellees filed this Motion, seeking dismissal of the appeal on the basis of Taylor's failure to timely file her brief.

The Bankruptcy Rules provide the guidelines for the decision on this Motion. Rule 8009 provides that the appellant shall serve his brief within fifteen days following the docketing of his appeal unless otherwise provided by either a local rule or an order of the court. FED. R. BANKR. P. 8009(a). Rule 8001 provides that an appellant's "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." FED. R. BANKR. P. 8001(a)

The rules make clear, therefore, that the only failure on the part of the appellant that mandates dismissal is failure to file a notice of appeal. *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000). On the other hand, dismissal is but one of the options available to sanction behavior otherwise violative of the rules. *Id*. at 698-99. Dismissal, of course, is a harsh sanction, and its consequences are borne in large part by the parties, whose behavior is often not directly related to conduct that violates procedural rules. *Id*. at 699. The court must consider whether the imposition of lesser sanctions is sufficient to carry out the purposes of the rules. *Id*. at 699-700; *Int'l Bhd. of Teamsters v. Braniff Airways, Inc. (In re Braniff)*, 774 F.2d 1303, 1305 (5th Cir. 1985).

The court begins by noting that there is no standing order or local rule prescribing the procedure of this court as entering a scheduling order establishing briefing deadlines in bankruptcy appeals. In other words, because the court has not directed otherwise, the appellant has fifteen days from the date of docketing in this court to serve its appellate brief. FED. R. BANKR. P. 8009(a). In this case, Taylor's deadline to file an appellate brief was November 12, 2007. As mentioned above, the Motion to Dismiss was filed on December 12, 2007.

The Appellees point the court to *United States v. Manning*, 220 B.R. 328 (E.D. Tex. 1998) in support of their argument that this appeal should be dismissed. *Manning* involved the dismissal of a bankruptcy appeal wherein the United States, as appellant, failed to file its brief within seven and a half months while waiting on the court to enter a scheduling order. *Id*. at 329-30. Because the court was unable to fine the United States, and because the court found that imposing costs would be an insufficient sanction, it granted the appellee's motion to dismiss. *Id*. at 331.

Whereas the appellant in *Manning* did not file its brief for well over seven months, this Motion to Dismiss was filed only about six weeks after Taylor's appeal was docketed in this court. However, *Manning* is still instructive. Placing undue emphasis on the length of the appellant's delinquency would create perverse incentives. Upon observing that the appellant missed a deadline, the appellee could enhance his position by waiting to file a motion to dismiss. It is plain that the "swift and efficient resolution of disputes" surrounding bankruptcy estates, rather than being promoted, would, in fact, be discouraged. *In re CPDC*, 221 F.3d at 700. Therefore, in spite of the factual distinctions between this case and *Manning*, the principle of *Manning* is applicable. This is not to say that if an appellant misses its briefing deadline by a very short time that dismissal should be automatic. But where, as here, the appellant had

more than ample time to comply with the rules, failure to do so weighs more heavily in favor of dismissal.

In addition, Taylor, under the representation of the same counsel as in this appeal, filed an earlier appeal to this court in the same underlying bankruptcy case. The court granted Taylor's voluntarily dismissal of her appeal because she represented in her motion that she no longer sought to pursue it. While that appeal was not dismissed for procedural reasons, Taylor neglected to file a brief in that case, and her deadline to do so had passed before her motion to dismiss was filed. Thus, Taylor and her counsel have now been before this court twice on appeal from orders issued in the same underlying bankruptcy case, and, in both appeals, she neglected to file a brief on time. This fact casts doubt on counsel's claim as to its belief of the customary practice of this court in bankruptcy appeals. Lesser sanctions, such as imposing costs or fees would not rectify what has become a pattern of neglect by Taylor's counsel.

Taylor had ample time to file an appellate brief but neglected to do so. Moreover, this is the second appeal to this court arising out of the underlying bankruptcy in which Taylor failed to timely file an appellate brief. Having considered the sanctions available, the court is of the opinion that dismissal is appropriate. Based on the foregoing, the court is of the opinion that the Appellees' Motion to Dismiss (de # 6) should be, and hereby is, GRANTED. It is therefore

ORDERED that the appeal of Laura K. Taylor is hereby DISMISSED. It is further

ORDERED that this matter be REMANDED to the United States Bankruptcy Court for the Eastern District of Texas.

**SIGNED this the 24th day of September, 2008.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE